IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

```
MARK OTIS BOATWRIGHT,          )
                               )
         Plaintiff,            )
                               )
    vs.                        )    CV 605-103
                               )
ROBERT MOORE, Supervisor,      )
                               )
         Defendant.            )
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Men's State Prison, in Hardwick, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** because Plaintiff has failed to state a claim upon which relief may be granted.

Plaintiff alleges that, while incarcerated at Georgia State Prison, in Reidsville, Georgia, his hands were badly burned when he was exposed to water contaminated by "chemicals" while working in the prison "sign shop warehouse." (Doc. no. 1, p. 3). After Defendant saw the burns, he ordered Plaintiff to stop working and removed him from the warehouse. (Id.).

Plaintiff then received medical treatment. (Id.).

According to Plaintiff, this incident violated his constitutional rights. (Id.). Although Plaintiff does not explain what law Defendant allegedly violated, he presumably contends that the incident subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Also of note, Plaintiff does not allege that he pursued any administrative remedy following the accident.

These assertions fail as a matter of law. First, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." Furthermore, 42 U.S.C. § 1997e(c)(1) provides that the Court shall dismiss any action brought under 42 U.S.C. § 1983 concerning prison conditions if the action fails to state a claim upon which relief can be granted on its own motion or the motion of a party. In the Eleventh Circuit, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

Moreover, the Eleventh Circuit Court of Appeals has held that as a result of the Prison Litigation Reform Act, ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), § 1997e requires that all claims be submitted to the prison grievance procedure "even if the relief offered by that program does not appear to be 'plain, speedy, and effective,' before filing those claims in federal court. The judicially created futility and inadequacy doctrines do not survive the PLRA's mandatory exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1328 (11th Cir. 1998). The Court no longer has discretion to waive the exhaustion requirement. Id. at 1325. Indeed, the Supreme Court has clarified "that § 1997e(a)'s exhaustion requirement

2

applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Thus, because Plaintiff does not contend that he exhausted administrative remedies, the instant suit should be dismissed.

Furthermore, quite aside from the exhaustion issue, Plaintiff's allegations are insufficient to state a claim under § 1983. At best, Plaintiff alleges that Defendant acted negligently. Although Plaintiff's contentions may support a state law tort claim, they are insufficient to show the denial of any constitutional right. "Mere negligence does not rise to the level of a constitutional tort required under 42 U.S.C. § 1983." White v. Oklahoma ex rel. Tulsa County Office of Dist. Attorney, 250 F. Supp.2d 1319, 1329 (N.D. Okla. 2002).

To illustrate, only "deliberate indifference" to inmate health or safety amounts to violation of the Eighth Amendment. See, e.g., Farmer v. Brennan, 511 U.S. 825, 834 (1994). Likewise, negligent conduct does not violate the Due Process Clause. See, e.g., Daniels v. Williams, 474 U.S. 327, 328, 332-33 (1986)(negligent conduct causing prisoner to slip and fall did not constitute violation of Due Process Clause). In sum, Plaintiff's allegations regarding an isolated incident of negligent conduct simply do not give rise to a cognizable claim under § 1983. See id. at 333 ("[I]njuries inflicted by governmental negligence are not addressed by the United States Constitution . . . .").

Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** for failure to state a claim upon which relief may be granted.

SO REPORTED and RECOMMENDED this __ day of February, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE