IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 APR 24  AM 9: 51

CLERK
S. DIST. OF GA.

MARK OTIS BOATWRIGHT,          )
                               )
          Plaintiff,           )
                               )
     vs.                       )     CV 605-103
                               )
ROBERT MOORE, Supervisor,      )
                               )
          Defendant.           )

## O R D E R

After a careful, *de novo* review of the file, the Court concurs with the Magistrate

Judge's Report and Recommendation to which objections have been filed. The Magistrate

Judge determined that Plaintiff had failed to allege the requisite exhaustion of administrative

remedies and that he had failed to state a claim upon which relief may be granted. (Doc. no.

15, p. 2). Plaintiff offers that he should be deemed to have satisfied the exhaustion

requirement because he appealed a disciplinary report related to his claims, and because he

filed a grievance on August 9, 2005. (Doc. no. 5, p. 2). Plaintiff filed the instant complaint

(executed on July 31, 2005) in the Middle District of Georgia on August 5, 2005. (See doc.

no. 1, p. 3). In his objections, Plaintiff also brings various allegations which he believes

demonstrate the existence of a viable claim. (See doc. no. 18). However, these allegations do

not alter the Magistrate Judge's conclusion that Plaintiff has not exhausted administrative

remedies.

In the Eleventh Circuit, "[a] claim that fails to allege the requisite exhaustion of

remedies is tantamount to one that fails to state a claim upon which relief may be granted."

Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998). To properly exhaust his claims, an inmate

must satisfy any and all procedural requisites, including "administrative deadlines." <u>Johnson v. Meadows</u>, 418 F.3d 1152, 1154 (11th Cir. 2005), *petition for cert. filed* (U.S. Sept. 8, 2005)(No. 05-6336). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. <u>Id.</u> at 1159. Thus, in order to exhaust all available administrative remedies, an inmate must pursue an administrative appeal if his grievance is denied. <u>Moore v. Smith</u>, 18 F. Supp.2d 1360, 1362 (N.D. Ga. 1998). In addition, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, an inmate must complete the administrative process *before* initiating suit. <u>Higginbottom v. Carter</u>, 223 F.3d 1259, 1261 (11th Cir. 2000)(*per curiam*); <u>see also</u> <u>Miller v. Tanner</u>, 196 F.3d 1190, 1193 (11th Cir. 1999). Plaintiff did not do so.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, this case is **DISMISSED** because Plaintiff has failed to state a claim upon which relief may be granted. All pending motions are **DENIED** as **MOOT**. (Doc. nos. 18, 20).[1]

SO ORDERED this 24 day of April, 2006.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court is aware of Plaintiff's desire to amend his complaint. (<u>See</u> doc. nos. 18, 20). Although leave to amend is given freely, permission to amend is properly denied when any amendment is futile. <u>See</u> <u>Hall v. United Ins. Co. of Am.</u>, 367 F.3d 1255, 1262-63 (11th Cir. 2004). Here, Plaintiff has not identified any facts to alter the Court's conclusion that he has failed to exhaust administrative remedies. Furthermore, Plaintiff cannot now allege that he has properly exhausted administrative remedies without contradicting the allegations of his amended complaint. (<u>See</u> doc. no. 5, p. 2). In sum, the instant case is properly dismissed without affording Plaintiff an opportunity to further amend his complaint.